ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 2 6 2005
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID STARKS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-0607-B |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner David Starks, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed for want of prosecution.

I.

On March 25, 2005, petitioner filed a handwritten application for writ of habeas corpus challenging his misdemeanor conviction for criminal mischief and subsequent parole revocation. However, the application was not filed on a court-approved form as required by Rule 2(d) of the Rules Governing Section 2254 Cases.[1] On April 1, 2005, a notice of deficiency and a form habeas petition were sent to petitioner at the Baten ISF of the TDCJ-ID, the return address listed on the

---

[1] Rule 2(d) provides:

> The [habeas] petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make forms available to petitioners without charge.

Rules Governing Section 2254 Cases, Rule 2(d) (2004).

envelope in which his pleading was mailed. Petitioner was ordered to resubmit his pleading on a proper form within 20 days or the case would be dismissed. Two weeks later, the unopened envelope containing the notice and form habeas petition was returned to the clerk with the notation, "RTS/Invalid." The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

## II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

A deficiency notice and form habeas petition were mailed to petitioner at the Baten ISF of the TDCJ-ID-- the only address provided to the court. However, petitioner is no longer incarcerated in that facility and has not furnished the court with his current address. Without this information, the court cannot communicate with petitioner and this litigation cannot proceed. Dismissal is clearly warranted under these circumstances. *See Blackmon v. Texas Board of Pardons and Paroles*, 2004 WL 1809746 at *1 (N.D. Tex. Aug. 12, 2004) (Kaplan, M.J.), *rec. adopted*, 2004 WL 2049218 (N.D.

Tex. Sept. 3, 2004) (Godbey, J.) (dismissing complaint for failure to provide court with current address).

## RECOMMENDATION

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

DATED: April 26, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE